UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHEA DEVELOPMENT CORP., BRAVERA, INC., and IP HOLDING OF NEVADA CORP.,

            Plaintiffs,

v.

CHRISTOPHER WATSON and ELIZABETH ANNE CONLEY,

            Defendants.

-----------------------------------------------------------------X

Civil Action No. 07-CV-11201 (DLC)

## DEFENDANT CHRISTOPHER WATSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Christopher Watson ("Watson") respectfully submits this motion to dismiss for lack of subject matter jurisdiction on the ground that diversity jurisdiction—Plaintiffs' sole basis for jurisdiction—does not exist because Mr. Watson resides in the same state as the Plaintiffs.

Plaintiffs' sole purported basis for this Court's subject matter jurisdiction is diversity of parties under 28 U.S.C. § 1332. *See* Compl. ¶ 24. Plaintiffs assert no claim giving rise to a question of federal law. Thus, jurisdiction will only exist if the matter involves "citizens of different states." 28 U.S.C. § 1332(a)(1). This means that none of the Plaintiffs can be from the same state as any of the Defendants. *See, e.g., Ravic, Inc. v. Cinram, Inc.*, 907 F. Supp. 102, 103 (S.D.N.Y. 1995) ("It is well settled that diversity jurisdiction does not exist where plaintiff is a citizen of a state of which any defendant is also a citizen.").

That condition is not satisfied here because Mr. Watson and the Plaintiffs are all residents of Florida. Plaintiffs are corporations whose principal places of business are in the State of

Florida. *See* Compl. ¶¶ 6, 9, 13. Thus, Plaintiffs are citizens of Florida for purposes of diversity. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.") (Emphasis added.) Defendant Watson is also resident of the State of Florida. *See* Declaration of Christopher Watson. His permanent address is in Florida, he pays taxes in Florida, he is registered to vote in Florida and his driver's license is issued by Florida. *Id.*

The Plaintiffs and Mr. Watson all reside in Florida. This Court's diversity jurisdiction cannot be invoked, and, as there is no other basis for subject matter jurisdiction asserted, the case must be dismissed.

## CONCLUSION

This Court lacks subject matter jurisdiction and thus the case must be dismissed.

Dated: January 14, 2008

Respectfully submitted,

CHRISTOPHER WATSON

By his attorney,

/Jeffrey A. Simes (JS-7060)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York  10022
Tel.: 212.813.8800
Fax: 212.355.3333
e-mail: jsimes@goodwinprocter.com

LIBNY/4667095.1