```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SHEA DEVELOPMENT CORP., BRAVERA, INC.,   :
and IP HOLDING OF NEVADA CORP.,          :
                         Plaintiffs,    :     07 Civ. 11201 (DLC)
                                        :
            -v-                         :     OPINION & ORDER
                                        :
CHRISTOPHER WATSON and ELIZABETH ANNE    :
CONLEY,                                  :
                         Defendants.    :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiffs:
Thomas V. Marino
Dunnington Bartholow & Miller LLP
477 Madison Avenue, 12th Floor
New York, New York 10022

For Defendant Elizabeth Anne Conley:
Donald A. Derfner
David P. Gillett
600 Third Avenue, 26th Floor
New York, New York 10016

Terry Ann Rickson
Anne E. Mjaatvedt
102 Wappoo Creek Drive, No. 8
Charleston, South Carolina 29412

Allan R. Holmes
Gibbs & Holmes
171 Church Street, Suite 110
Charleston, South Carolina 29402

DENISE COTE, District Judge:

   Defendant Elizabeth Anne Conley ("Conley") moves to dismiss the complaint in this action for lack of personal jurisdiction. She claims that, as a non-signatory to the agreement signed by

plaintiffs and her codefendant Christopher Watson, she is not bound by the forum selection clause plaintiffs invoke in order to file the action in this Court. Conley's motion to dismiss is granted.

BACKGROUND

These facts are drawn from the pleadings and affidavits submitted by the parties. This dispute arises out of a merger executed between Christopher Watson and Shea Development Corporation ("Shea"). Watson sold his company, Bravera, Inc., to Shea's wholly owned subsidiary, Shea Development Acquisition No. 3 Corp. ("Acquisition Corp."). Shea, through its wholly owned subsidiary IP Holding of Nevada Corp. ("IP Holding") licensed for use by Bravera the intellectual property assets that were then owned by Intellectus, LLP ("Intellectus"), a company of which Watson was the sole shareholder. The parties executed two agreements underlying this dispute: an April 26, 2007 Agreement and Plan of Merger by and among Shea, Bravera, and Watson (the "Acquisition Agreement"), and a July 16, 2007 Software License and Asset Purchase Agreement by and among Intellectus and IP Holding (the "Purchase Agreement").

Conley was hired by Watson as a Bravera sales representative in December 2006, and was promoted to Vice President of Sales in March 2007. In that capacity, she was primarily responsible for selling Bravera's software product and

providing Watson with occasional reports on the company's sales progress and projections.  Between April 30 and May 2, 2007, the parties held a three-day meeting in Orlando, Florida, during which Watson gave a PowerPoint presentation concerning Bravera's projected financial statements for calendar year 2007.  Conley attended the meeting, but contends that she "was not involved in preparing the presentation or the PowerPoint slides, nor did she participate in the presentation or make any representations."  Plaintiffs allege only that the presentation, which was made by Watson, included financial projections "allegedly based in principal part on a <u>bona fide</u> projection of sales . . . that [Watson], Conley, and pre-merger Bravera had prepared using SalesForce.com software."  On May 31, 2007, Conley sent to plaintiffs a revised set of financial projections.  These projections formed part of a presentation Watson made to Shea on June 6, during the final negotiations that led to the merger with Bravera.

Plaintiffs do not allege that Conley played a role in negotiating the merger, nor do they allege that she had access to either agreement at issue in this dispute.  Conley did not sign either agreement at issue.  The only document she signed in connection with the merger was an employment agreement with plaintiffs, which contains no forum selection clause but does require arbitration of any "claim or controversy arising out of

3

or relating to this Agreement." Following the merger, Conley served as Bravera's Vice President of Strategic Accounts. Conley's employment was terminated in October 2007. She did not see the Acquisition Agreement until after her employment was terminated.

Plaintiffs allege that Watson and Conley induced them to enter into the agreements "by fraudulently misrepresenting the number and value of sales contracts in Bravera's sales 'Pipeline' and falsely and fraudulently 'Estimat[ing]' Bravera's sales for calendar year 2007." Further, plaintiffs allege that Watson and Conley breached their employment agreements and fiduciary duties by failing to apprise plaintiffs that the information they had provided about Bravera's financial health leading up to the merger was inaccurate. The gravamen of plaintiffs' complaint against Conley is that she produced, or played a role in producing, Bravera's regular sales updates and projections, on which Shea relied in deciding to merge with Bravera.

The sole proffered basis for jurisdiction over Conley in this action is a forum selection clause providing that signatories to the Acquisition Agreement

> expressly and irrevocably consent and submit to the exclusive jurisdiction of the applicable local, federal or appellate courts located in New York, New York in connection with any proceeding arising from or out of this Agreement.

In the instant motion to dismiss, Conley argues that she is not bound by this clause because she did not sign the Acquisition Agreement. In the alternative, she contends that her employment agreement with Shea mandates arbitration of all of plaintiffs' claims against her. Should both of these arguments be rejected, she contends that venue should be transferred to the United States District Court for the District of South Carolina.

DISCUSSION

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). A court considering a pretrial motion to dismiss for lack of personal jurisdiction "has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). Where, as here, "the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Id. at 904. The pleadings and

5

affidavits are construed in the light most favorable to the plaintiffs, and all doubts are resolved in their favor. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).

Plaintiffs' assertion of personal jurisdiction over Conley rests on the forum selection clause included in the Acquisition Agreement. Such clauses "are regularly enforced." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006). When a party resists enforcement of a forum selection clause, however, the court must first inquire whether the clause was "reasonably communicated" to the party. Id. Plaintiffs have made no allegations that Conley had access to the Acquisition Agreement at any time before it was signed by plaintiffs and Watson, or that she played a sufficiently substantial role in the acquisition negotiations that notice of the Agreement's provisions should be imputed to her. Accordingly, the clause was not reasonably communicated to Conley and she is not bound by it. Because the forum selection clause is the sole proffered basis for this Court's jurisdiction over Conley, the action is dismissed as to her.

Plaintiffs cite two Southern District cases ostensibly standing for the proposition that non-signatories may be bound by forum selection clauses when the non-signatory is "closely related to the dispute such that it becomes foreseeable that it

6

will be bound." Nanopierce Technologies, Inc. v. Southridge Capital Mgmt. LLC, No. 02 Civ. 767 (LBS) 2003 WL 22882137, at *5 (S.D.N.Y. Dec. 4, 2003) (citation omitted); see also Weingard v. Telepathy, Inc., No. 05 Civ. 2024 (MBM), 2005 WL 2990645, at *5 (S.D.N.Y. Nov. 7, 2005). Both cases are factually distinguishable from the instant case: In Weingard, non-signatory defendants sought to enforce the forum selection clause against the plaintiff, who had electronically signed the agreement containing the clause. In Nanopierce, a securities case based on misrepresentations made by a publicly-traded corporation, the non-signatory who was bound by the forum selection clause was the corporation's chief financial officer, who as a signatory of the corporation's registration statement had a duty to comply with federal securities laws. Given these prescribed duties, her conduct was deemed "closely related" to the stock purchases at issue in the lawsuit, and she was bound by the forum selection clause.

    Were this Court to adopt the framework used in Nanopierce and Weingard, but not yet endorsed by the Second Circuit, it would find that Conley is not sufficiently related to the dispute over the acquisition such that she may be bound by the Acquisition Agreement's forum selection clause. The complaint and attached affidavits describe Conley's role as a salesperson and as a producer of certain financial data used in the process

7

of negotiating Shea's acquisition of Bravera. Conley's participation in the merger was negligible. Accordingly, her motion to dismiss is granted.

CONCLUSION

Defendant Elizabeth Conley's January 28, 2008 motion to dismiss is granted.

SO ORDERED:

Dated:   New York, New York
         March 24, 2008

                              _____
                              DENISE COTE
                              United States District Judge