UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                 :

SHEA DEVELOPMENT CORP., BRAVERA, INC., :
and IP HOLDING OF NEVADA CORP.,        :

                  Plaintiffs,       :   Civil Action No. 07-CV-11201 (DLC)

                      v.            :

CHRISTOPHER WATSON and ELIZABETH :
ANNE CONLEY,              :

                  Defendants.     :

-------------------------------------------------------------X

## ANSWER OF DEFENDANT CHRISTOPHER WATSON

Defendant Christopher Watson ("Watson") hereby Answers Complaint of Plaintiffs Shea Development Corp. ("SDC"), Bravera, Inc. ("Bravera") and IP Holding of Nevada Corp. (collectively, "Plaintiffs"), as follows:

1.     Paragraph 1 of the Complaint purports to provide a description of the action to which no response is required.  To the extent a response is required, Mr. Watson denies the allegations of Paragraph 1.

2.     Mr. Watson admits that he was the sole shareholder of Bravera, Inc.. Mr. Watson denies the remaining allegations of Paragraph 2 of the Complaint.

3.     Mr. Watson admits that SDC, Bravera and Watson entered into an April 26, 2007 Agreement and Plan of Merger ("Merger Agreement") and that Intellectus LLC and IP Holding of Nevada Corp. entered into a July 16, 2007 Software License and Asset Purchase Agreement. Mr. Watson denies the remaining allegations of Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint purports to characterize the terms of agreements among certain of the parties, which agreements speak for themselves. To the extent a response is required, Mr. Watson denies the allegations of Paragraph 4 of the Complaint.

5.     Mr. Watson denies the allegations of paragraph 5 of the Complaint.

"<u>The Parties</u>"

6.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies the same.

7.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and therefore denies the same.

8.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 8 of the Complaint and therefore denies the same.

9.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 9 of the Complaint.

10.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 10 of the Complaint and therefore denies the same.

11.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint and therefore denies the same.

12.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies the same.

13.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies the same.

14.     Mr. Watson admits the allegations of paragraph 14 of the Complaint.

15.     Mr. Watson admits the allegations of paragraph 15 of the Complaint.

LIBNY/4665909.2

16.    Mr. Watson denies the allegations of paragraph 16 of the Complaint.

17.    Mr. Watson denies the allegations of paragraph 17 of the Complaint.

18.    Mr. Watson admits the allegations of paragraph 18 of the Complaint.

19.    Mr. Watson denies the allegations of paragraph 19 of the Complaint.

20.    Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint and therefore denies the same.

21.    Mr. Watson admits that prior to July 16, 2007 Ms. Conley was employed by Bravera as Vice President of Strategic Accounts but denies the remaining allegations of paragraph 21 of the Complaint.

22.    Mr. Watson admits the allegations of paragraph 22 of the Complaint.

23.    Mr. Watson denies the allegations of paragraph 23 of the Complaint.

"<strong><u>Jurisdiction and Venue</u></strong>"

24.    Paragraph 24 of the Complaint purports to provide a legal conclusion to which no response is required.  To the extent a response is required, Mr. Watson admits that this action involves parties who are citizens of different states and the amount that Plaintiffs purport to put in controversy exceeds $75,000.

25.    Paragraph 25 of the Complaint purports to provide a legal conclusion to which no response is required. To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

26.    Mr. Watson denies the allegations of paragraph 26 of the Complaint, except admits that some negotiations regarding the Acquisition Agreement occurred in the City, County and State of New York.

"<strong><u>Facts Relevant to All Causes of Action</u></strong>"

3

27.     Paragraph 27 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

28.     Paragraph 28 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson denies the allegations of paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson denies the allegations of paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

31.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 31 of the Complaint and therefore denies the same.

32.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 32 of the Complaint and therefore denies the same.

33.     Paragraph 33 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

34.     Mr. Watson denies the allegations of paragraph 34 of the Complaint, except admits that Bravera LLC had an agreement with Doug Allan of the Palladin Group.

35.     Mr. Watson denies the allegations of paragraph 35 of the Complaint.

36.     Mr. Watson admits the allegations of paragraph 36 of the Complaint.

LIBNY/4665909.2

37.     Mr. Watson admits that SalesForce.com is a sales tracking tool described in paragraph 37 of the Complaint but is without sufficient information to admit or deny the remaining allegations of paragraph 37 of the Complaint.

38.     Mr. Watson denies the allegations of paragraph 38 of the Complaint.

39.     Mr. Watson denies the allegations of paragraph 39 of the Complaint.

40.     Mr. Watson admits the allegations of paragraph 40 of the Complaint, but denies using SalesForce.com software.

41.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 41 of the Complaint and therefore denies the same.

42.     Paragraph 42 purports to characterize the contents of documents which speak for themselves. To the extent a response is required, Mr. Watson denies the allegations of paragraph 42 of the Complaint.

43.     Paragraph 43 purports to characterize the contents of documents which speak for themselves. To the extent a response is required, Mr. Watson denies the allegations of paragraph 43 of the Complaint.

44.     Mr. Watson denies the allegations of paragraph 44 of the Complaint, except admits that Mr. Watson personally participated in the preparation of a report dated May 31, 2007.

45.     Mr. Watson denies the allegations of paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint appears to contain grammatical errors such that the allegations within cannot be understood. To the extent a response is required, Mr. Watson denies the allegations of paragraph 46 of the Complaint.

LIBNY/4665909.2

47.    Mr. Watson denies the allegations of paragraph 47 of the Complaint, except admits that Conley personally prepared and/or provided some of the information used to create financial projections.

48.    Mr. Watson denies the allegations of paragraph 48 of the Complaint.

49.    Mr. Watson admits the allegations of paragraph 49 of the Complaint.

50.    Mr. Watson denies the allegations of paragraph 50 of the Complaint.

51.    Mr. Watson denies the allegations of paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson denies the allegations of paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson denies the allegations of paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

55.    Paragraph 55 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

56.    Paragraph 56 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson admits that the Merger Agreement contains, among other things, the language excerpted in

paragraph 56 of the Complaint and denies the remaining allegations of paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint purports to characterize the terms of the Merger Agreement, which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Merger Agreement for its full text.

58.     Paragraph 58 purports to characterize the contents of documents which speak for themselves.  To the extent a response is required, Mr. Watson denies the allegations of paragraph 58 of the Complaint.

59.     Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 59 of the Complaint concerning Plaintiffs' actions and therefore denies the same.  Mr. Watson denies the remaining allegations of paragraph 59 of the Complaint.

60.     Mr. Watson denies the allegations of paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint purports to characterize the terms of the July 15, 2007 Senior Management Employment Agreement (the "Employment Agreement"), which speak for themselves.  To the extent a response is required, Mr. Watson respectfully refers the Court to the Employment Agreement for its full text.

62.     Mr. Watson denies the allegations of paragraph 62 of the Complaint.

63.     Mr. Watson denies the allegations of paragraph 63 of the Complaint.

64.     Mr. Watson denies the allegations of paragraph 64 of the Complaint.

65.     Mr. Watson admits the allegations of paragraph 65 of the Complaint.

66.     Mr. Watson denies the allegations of paragraph 66 of the Complaint.

67.     Mr. Watson denies the allegations of paragraph 67 of the Complaint.

68.     Mr. Watson denies the allegations of paragraph 68 of the Complaint.

LIBNY/4665909.2

69.    Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 69 of the Complaint and therefore denies the same.

70.    Mr. Watson denies the allegations of paragraph 70 of the Complaint.

71.    Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 71 of the Complaint and therefore denies the same.

72.    Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 72 of the Complaint and therefore denies the same.

73.    Mr. Watson denies the allegations of paragraph 73 of the Complaint.

74.    Mr. Watson is without sufficient information to admit or deny the allegations of paragraph 74 of the Complaint and therefore denies the same.

"<strong><u>First Cause of Action</u></strong>"

75.    Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

76.    Mr. Watson denies the allegations of paragraph 76 of the Complaint.

77.    Mr. Watson denies the allegations of paragraph 77 of the Complaint.

78.    Mr. Watson denies the allegations of paragraph 78 of the Complaint.

79.    Mr. Watson denies the allegations of paragraph 79 of the Complaint.

80.    Mr. Watson denies the allegations of paragraph 80 of the Complaint.

81.    Mr. Watson denies the allegations of paragraph 81 of the Complaint.

82.    Mr. Watson denies the allegations of paragraph 82 of the Complaint.

83.    Mr. Watson denies the allegations of paragraph 83 of the Complaint.

84.    Mr. Watson denies the allegations of paragraph 84 of the Complaint.

85.    Mr. Watson denies the allegations of paragraph 85 of the Complaint.

LIBNY/4665909.2

86.     Mr. Watson denies the allegations of paragraph 86 of the Complaint.

87.     Mr. Watson denies the allegations of paragraph 87 of the Complaint.

88.     Mr. Watson denies the allegations of paragraph 88 of the Complaint.

## "Second Cause of Action"

89.     Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

90.     Mr. Watson denies the allegations of paragraph 90 of the Complaint and refers all questions of law to the Court.

91.     Mr. Watson denies the allegations of paragraph 91 of the Complaint.

92.     Mr. Watson denies the allegations of paragraph 92 of the Complaint.

93.     Mr. Watson denies the allegations of paragraph 93 of the Complaint.

94.     Mr. Watson denies the allegations of paragraph 94 of the Complaint.

95.     Mr. Watson denies the allegations of paragraph 95 of the Complaint.

96.     Mr. Watson denies the allegations of paragraph 96 of the Complaint.

97.     Mr. Watson denies the allegations of paragraph 97 of the Complaint.

98.     Mr. Watson denies the allegations of paragraph 98 of the Complaint.

99.     Mr. Watson denies the allegations of paragraph 99 of the Complaint.

100.    Mr. Watson denies the allegations of paragraph 100 of the Complaint.

101.    Mr. Watson denies the allegations of paragraph 101 of the Complaint.

## "Third Cause of Action"

102.    Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

103.    Mr. Watson denies the allegations of paragraph 103 of the Complaint

LIBNY/4665909.2

104. The allegations of paragraph 104 are not directed to Mr. Watson and thus no response is required. To the extent a response is required, Mr. Watson denies the same.

105. The allegations of paragraph 105 are not directed to Mr. Watson and thus no response is required. To the extent a response is required, Mr. Watson denies the same.

106. The allegations of paragraph 106 are not directed to Mr. Watson and thus no response is required. To the extent a response is required, Mr. Watson denies the same.

107. The allegations of paragraph 107 are not directed to Mr. Watson and thus no response is required. To the extent a response is required, Mr. Watson denies the same.

108. Mr. Watson denies the allegations of paragraph 108 of the Complaint.

109. Mr. Watson denies the allegations of paragraph 109 of the Complaint.

110. Mr. Watson denies the allegations of paragraph 110 of the Complaint.

111. Mr. Watson denies the allegations of paragraph 111 of the Complaint

112. Mr. Watson denies the allegations of paragraph 112 of the Complaint

113. The allegations of paragraph 113 are not directed to Mr. Watson and thus no response is required. To the extent a response is required, Mr. Watson denies the same.

### "Fourth Cause of Action"

114. Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

115. Mr. Watson denies the allegations of paragraph 115 of the Complaint and refers all questions of law to the Court.

116. Mr. Watson denies the allegations of paragraph 116 of the Complaint and refers all questions of law to the Court.

117. Mr. Watson denies the allegations of paragraph 117 of the Complaint.

118.    Mr. Watson denies the allegations of paragraph 118 of the Complaint.

119.    Mr. Watson denies the allegations of paragraph 119 of the Complaint.

120.    Mr. Watson denies the allegations of paragraph 120 of the Complaint.

121.    Mr. Watson denies the allegations of paragraph 121 of the Complaint.

122.    Mr. Watson denies the allegations of paragraph 122 of the Complaint.

123.    Mr. Watson denies the allegations of paragraph 123 of the Complaint.

124.    Mr. Watson denies the allegations of paragraph 124 of the Complaint.

125.    Mr. Watson denies the allegations of paragraph 125 of the Complaint.

126.    Mr. Watson denies the allegations of paragraph 126 of the Complaint.

127.    Mr. Watson denies the allegations of paragraph 127 of the Complaint.

## "**Fifth Cause of Action**"

128.    Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

129.    Mr. Watson denies the allegations of paragraph 129 of the Complaint and refers all questions of law to the Court.

130.    Mr. Watson denies the allegations of paragraph 130 of the Complaint.

131.    Mr. Watson denies the allegations of paragraph 131 of the Complaint.

132.    Mr. Watson denies the allegations of paragraph 132 of the Complaint.

133.    Mr. Watson denies the allegations of paragraph 133 of the Complaint.

134.    Mr. Watson denies the allegations of paragraph 134 of the Complaint.

135.    Mr. Watson denies the allegations of paragraph 135 of the Complaint.

## "**Sixth Cause of Action**"

LIBNY/4665909.2

136.     Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

137.     The allegations of paragraph 137 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

138.     The allegations of paragraph 138 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

139.     The allegations of paragraph 139 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

140.     The allegations of paragraph 140 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

141.     The allegations of paragraph 141 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

142.     Mr. Watson denies the allegations of paragraph 142 of the Complaint.

143.     The allegations of paragraph 143 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

144.     The allegations of paragraph 144 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

145.     The allegations of paragraph 145 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

146.     The allegations of paragraph 146 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

147.     The allegations of paragraph 147 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

148.    The allegations of paragraph 148 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

149.    The allegations of paragraph 149 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

150.    The allegations of paragraph 150 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

**"Seventh Cause of Action"**

151.    Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

152.    The allegations of paragraph 152 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

153.    The allegations of paragraph 153 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

154.    The allegations of paragraph 154 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

155.    The allegations of paragraph 155 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

156.    The allegations of paragraph 156 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

157.    The allegations of paragraph 157 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

158.    The allegations of paragraph 158 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

159.    The allegations of paragraph 159 are not directed to Mr. Watson and thus no response is required.  To the extent a response is required, Mr. Watson denies the same.

### "Eighth Cause of Action"

160.    Mr. Watson repeats and incorporates by reference his responses to the foregoing paragraphs of this Answer as if fully set forth herein.

161.    Mr. Watson denies the allegations of paragraph 161 of the Complaint.

162.    Mr. Watson denies the allegations of paragraph 162 of the Complaint.

163.    Mr. Watson denies the allegations of paragraph 163 of the Complaint.

### Headings and Subheadings

Mr. Watson need not respond to the headings and subheadings within the Complaint.  To the extent that a response is required, Mr. Watson denies any averments in the headings or subheadings of the Complaint.

### Plaintiff's Prayer for Relief

Mr. Watson denies that Plaintiffs are entitled to any relief on any of their claims against Mr. Watson, and Mr. Watson requests that Plaintiffs take nothing from Mr. Watson by this lawsuit and that Mr. Watson be awarded attorneys' fees and costs.

### ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Mr. Watson upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, estoppel and/or other equitable doctrines.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of the agreements referred to in the Complaint.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have released and/or indemnified Mr. Watson from liability for the claims alleged in the Complaint.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no damages and/or have failed to mitigate their damages.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because one or more Plaintiffs lack standing to assert such claims.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs breached the agreements on which their claims are based.

## EIGHTH DEFENSE

LIBNY/4665909.2

Plaintiffs' claims are barred in whole or in part because Plaintiffs rescinded the agreements on which their claims are based.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' own actions or the actions of others.

### TENTH DEFENSE

Plaintiffs' allegations of fraud are not pleaded with the requisite particularity.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they must be arbitrated, or they are subject to the exclusive jurisdiction of the Florida courts.

### TWELFTH DEFENSE

Mr. Watson hereby gives notice that he intends to rely upon such and further defenses as may become available or apparent during further proceedings in this case and hereby reserves his right to amend his answer and assert such defenses.

WHEREFORE, Mr. Watson requests that this Court enter judgment:

1.  Dismissing the claims against Mr. Watson;
2.  Ordering that Plaintiffs take nothing from Mr. Watson;
3.  Awarding Mr. Watson such other and further relief as the Court deems just and proper.

Dated: May 30, 2008                    Respectfully submitted,

                                       CHRISTOPHER WATSON

16

By his attorneys,

James Davies, Esq. (JD-0599)
LANDMAN CORSI BALLAINE & FORD PC
120 Broadway, 27th floor
New York, New York  10271
Tel.:  212-238-4800
Fax:  212-238-4848
e-mail:  cluckow@lcbf.com

17

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 30th day of May, 2008, deponent served the within **ANSWER AND COUNTERCLAIMS OF DEFENDANT CHRISTOPHER WATSON** upon:

> Thomas V. Marino, Esq.
> Dunnington Bartholow & Miller LLP
> 477 Madison Avenue
> New York, NY 10022
>
> Jeffrey A. Simes, Esq.
> Goodwin Procter LLP
> 599 Lexington Avenue
> New York, New York 10022

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                                   _____
                                                                   Ryan New

Sworn to before me this
30th day of May, 2008

_____
                 Notary

                        JAMES HEFFLER
                Notary Public, State of New York
                    No. 01HE6032393
                 Qualified in Queens County
          Commission Expires November 1, 20 _09_