

**MEMO ENDORSED**

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | NEWPORT BEACH |
| BRUSSELS | 7 Times Square | SAN FRANCISCO |
| CENTURY CITY | New York, New York 10036 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (212) 326-2000 | TOKYO |
| LOS ANGELES | FACSIMILE (212) 326-2061 | WASHINGTON, D.C. |
| | www.omm.com | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08
```

June 5, 2008

**BY HAND DELIVERY**

Hon. Denise L. Cote
United States District Court
500 Pearl Street
New York, New York 10007

RECEIVED
JUN 0 5 2008
CHAMBERS OF
DENISE COTE

OUR FILE NUMBER
781,750-4

WRITER'S DIRECT DIAL
(212) 326-2101

WRITER'S E-MAIL ADDRESS
bdowd@omm.com

Re: *Shea Development Corp., et al. v. Watson*, 07-CV-11201 (DLC)(GWG)

Dear Judge Cote:

  As you know, we recently submitted papers to substitute as counsel of record for plaintiffs in this case. The Court denied that motion and had its law clerk explain the reasons for its denial in a call with counsel for the parties. We write respectfully to request that the Court reconsider its decision, or alternatively, provide us with guidance for future cases to avoid any further confusion.

  We would like the court to be aware of several facts. Shea Development Corp.'s Chairman of the Board has used O'Melveny & Myers for many years at the various companies he has been affiliated with. Thus, we have an ongoing relationship with a principal of these clients. *See Raine v. Paramount Pictures Corp.*, No. 97-CV-3553 (DLC), 1999 WL 4898 (S.D.N.Y. Jan. 5, 1999) (rejecting allegations that defendants attempted to curry favor with the Court by choosing new counsel that the Court had previously supervised at the U.S. Attorney's Office because the new counsel had a longstanding relationship with the clients). This is not a case where the clients selected O'Melveny & Myers to disqualify Your Honor. We would actually prefer that the Court continue to preside over this matter. The clients' selection of O'Melveny & Myers was part of a strategy to, among other things, use a firm with greater resources to litigate several matters pending between plaintiffs and Mr. Watson. As the Court knows, there is a parallel action pending between the parties in New York Supreme Court before Justice Cahn. We have already been substituted as counsel in that action.

  Under these circumstances, we submit that plaintiffs' substitution request should be granted. Ordinarily, a motion to substitute counsel will be granted upon a showing of "satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Local Rule 1.4. Here, plaintiffs have chosen a different

O'MELVENY & MYERS LLP
Hon. Denise L. Cote, June 5, 2008 - Page 2

strategy and a different law firm to implement it.[1] Because the action is in its early stages, substitution will not cause any prejudice, material delay, or duplication of effort if it is transferred to another judge. The new judge will not be burdened by starting mid-stream on a seasoned case. Defendant filed his Answer less than one week ago. From a practical standpoint, this case is not materially different from one that has recently been filed.

We understand the Court's practice to recuse itself when O'Melveny & Myers appears at a case's outset. The Court does this when we appear as counsel for a plaintiff and as counsel for a defendant to our understanding. This happened at least as recently as November 2007 when *Jorisch v. Lauder*, 07-CV-9428 (S.D.N.Y.) was reassigned with our appearance for the defendant. Given the early stage of this case, it should be treated like these other cases. If there is some fact that distinguishes this case that prevents us from representing the client as they have requested, we would like to understand it so that we can avoid this re-occurring in the future.

Because O'Melveny & Myers has already substituted as counsel in the action pending in New York Supreme Court, the Court's denial of plaintiffs' motion has placed them in a difficult position. It forces plaintiffs to use two different law firms for the two actions at considerable additional expense. Although we have been in discussions with Mr. Watson's counsel about consolidating the various actions in one forum, consistent with the Court's suggestion at the recent conference, it is unclear at this time in which forum the actions will ultimately be consolidated (assuming they will be). Plaintiffs therefore respectfully request that they be permitted to use the counsel of their choice should all of the claims be litigated in this Court, whether the actions proceed before Your Honor or another judge.

---

[1] Additionally, the client and Mr. Marino have disagreed about his handling of the clients' litigations against Mr. Watson. If the court requires a greater evidentiary showing or more detail about the disagreement, we will be happy to provide it, preferably *in camera*. See *Weinberger v. Provident Life and Cas. Ins. Co.*, No. 97-CV-9262 (JGK) 1998 WL 898309 (S.D.N.Y. Dec. 23, 1998) (permitting *in camera* presentation of evidence to avoid prejudice to moving party).

O'MELVENY & MYERS LLP
Hon. Denise L. Cote, June 5, 2008 - Page 3

       Thank you for your consideration in this matter.

                                            Very truly yours,

                                            */s/ Brendan J. Dowd*

                                            Brendan J. Dowd
                                            for O'MELVENY & MYERS LLP

cc:    (via e-mail)
        James Davies, Esq.
        Thomas Marino, Esq.

---

*Handwritten note by the Court:*

Among other things, this Court has decided a motion to dismiss, supervised resolution of litigation over the issue of diversity jurisdiction, and set a schedule for the litigation through the filing of a Pretrial Order after consultation with the parties. The motion for reconsideration is denied.

/s/ Denise Cote
June 9, 2008