UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

SHEA DEVELOPMENT CORP., BRAVERA,
INC., and IP HOLDING OF NEVADA CORP.,

    Plaintiffs,

- against -

CHRISTOPHER WATSON and ELIZABETH
ANNE CONLEY,

    Defendants.

----------------------------------------x

CAMOFI MASTER LDC and CAMHZN
MASTER LDC,

    Interveners/Plaintiffs,

- against -

SHEA DEVELOPMENT CORP., (n/k/a Riptide
Worldwide, Inc.) and CHRISTOPHER
WATSON,

    Defendants.

----------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT**

Docket No. 07 Civ. 11201 (DLC)(GWG)

[USDC SDNY DOCUMENT ELECTRONICALLY FILED  DOC #: ___  DATE FILED: 8/13/09]

    WHEREAS, Defendant Christopher Watson ("Watson") moved this Court, by order to show cause dated June 17, 2009 (the "OSC"), for, among other things, a preliminary injunction relating to the stock certificates representing the shares of Riptide Software Inc. ("Riptide"), a wholly owned subsidiary of defendant Shea Development Corp. (n/k/a Riptide Worldwide, Inc., but referred to in this Stipulation and Order as "Shea"); and

    WHEREAS the OSC included a temporary restraining order (the "TRO") that, among other things, "enjoined [Shea] from transferring, delivering, encumbering or moving the physical

location of stock certificates representing [Shea's] ownership in [Shea's] wholly owned subsidiar[y] Riptide Software . . . ."; and

WHEREAS by Notice of Motion dated June 30, 2009, CAMOFI Master LDC ("CAMOFI") and CAMHZN Master LDC ("CAMHZN") moved to intervene in this action pursuant to rule 24 (a)(2), F. R. Civ. P.; and

WHEREAS on July 8, 2009, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, heard oral argument relating to both motions and then granted both parties the opportunity to submit further briefing on the issues presented; and

WHEREAS Plaintiffs Shea, Bravera Inc. and IP Holding of Nevada Corp. failed to appear for the hearing and oral argument on the OSC, despite service of the OSC on their counsel of record and mailing of copies to the offices of Shea; and

WHEREAS Plaintiffs Shea, Bravera Inc. and IP Holdings of Nevada Corp. have not responded to the motion by CAMOFI and CAMHZN to intervene in this action; and

WHEREAS, upon inquiry of the Court, counsel for Watson and for CAMOFI and CAMHZN agreed that a modification of the TRO as it relates to the stock certificates of Riptide was appropriate pending resolution of the pending motions and issues related to priority of respective liens upon the stock; and

WHEREAS Watson, CAMOFI and CAMHZN have agreed to resolve their differences regarding priority of their respective claims against Shea and its subsidiaries and their liens upon its assets and to settle the claims represented by the motion brought on by Watson's OSC and CAMOFI's and COMHZN's motion to intervene in this action;

IT IS HEREBY STIPULATED AND AGREED, by and among CAMOFI and CAMHZN, by their attorneys Bryan Cave LLP, and Watson, by his attorneys Landman Corsi Ballaine & Ford P.C., that

1. Watson hereby consents to CAMOFI's and CAMHZN's motion to intervene in this action; and

2. CAMOFI and CAMHZN agree to pay, or cause to be paid, $15,000 to Watson within 5 days of the date this Order is signed by the Court; payable to Landman Corsi, Ballaine & Ford PC as attorneys for Christopher Watson, and

3. CAMOFI and CAMHZN agree to provide to Watson copies of any General Liability (if available) and any Director's & Officers insurance policies issued to, or other evidence of insurance held by, Shea now in effect and to the extent possible the identity of any of Shea's insurance brokers within five days the date this Order is signed by the Court; and

4. After CAMOFI and CAMHZN have paid said $15,000 to Watson, the shares of stock in Riptide being held in escrow by the law firm of Bryan Cave LLP shall be delivered to CAMOFI and CAMHZN, or their designated agent, for disposition in accordance with their rights under Article 9 of the Uniform Commercial Code; and

5. With respect to claims asserted by CAMOFI and CAMHZN against Shea, Watson hereby relinquishes any claim that the Judgment issued in this action is superior to the liens alleged by CAMOFI and CAMHZN. Notwithstanding the foregoing, nothing in this agreement shall be construed to limit, or in any way affect, any rights or claims that Watson or his affiliates may have against Shea, solely as nominal defendant in a derivative action, or Shea's current or former officers, directors or employees, or Watson's ability to recover against any insurance

coverage under a Directors & Officers or General Liability policy issued to Shea, its current or former officers, directors or employees.

Dated: New York, New York
       August 11, 2009

STIPULATED AND AGREED:         BRYAN CAVE LLP

                               By: *James R. DeVita*
                                   James R. DeVita
                               1290 Avenue of the Americas
                               New York, New York  10104-3300
                               (212) 541-2000
                               *Attorneys for CAMOFI Master LDC and CAMHZN Master LDC*


                               LANDMAN CORSI BALLAINE & FORD P.C.

                               By: _____
                                   James E. Davies
                               120 Broadway, 27th Floor
                               New York, NY  10271-0079
                               (212) 238-4800
                               *Attorneys for Christopher Watson*


SO ORDERED:                    _____
Dated: August 13, 2009         UNITED STATES DISTRICT JUDGE